# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SIMO HOLDINGS INC., SKYROAM, INC., AND SHENZHEN SKYROAM TECHNOLOGY CO., LTD.,<br><br>Plaintiffs<br><br>v.<br><br>HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., AND SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD,<br><br>Defendants. | **CIVIL ACTION NO. 2:20-cv-00003**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)

I.     **INTRODUCTION**

The egregious nature of uCloudlink Hong Kong's arguments to this Court is demonstrated by the fact that just yesterday, uCloudlink made (and the New York court orally granted) its *own* oral motion to effect alternative service in its New York Declaratory Judgment Action (Weed Supp. Decl., Ex. 8); a case it tells this Court is "irrelevant."  Dkt. No. 20 at 12.  Incredibly, uCloudlink argues to this Court that despite Plaintiffs having initiated and diligently followed the procedures for service via the Hague Convention (a process slowed by COVID-19, and a process uCloudlink did not deign to undertake for its Declaratory Action), uCloudlink's decision to file in New York nearly *four months* after the instant case should somehow divest this Court of jurisdiction.  Plaintiffs will be filing a motion to stay, transfer, or dismiss in the Southern District of New York case within the next 30 days, but ask this Court to effect alternate service under Rule 4(f)(3) in the interim.

If uCloudlink's positions have merit, that merit should be litigated *in Texas*, where Plaintiffs exercised their right to be made whole.  Indeed, the New York Court recently recognized that SIMO is "ready and able to assert its rights in alternative fora," referring to the instant case *in Texas*. Case No. 1:18-cv-05427, Dkt. No. 317 at 7-8 (S.D.N.Y. May 5, 2020) ("New York Action") (attached as Ex. 9 to Weed Supp. Decl.)  uCloudlink asks this Court to deprive SIMO of this right.

II.    **ARGUMENT**

    A.     **The Record Supports Alternate Service**

        1.     *uCloudlink Hong Kong Concedes Alternative Service Provides it Notice*

Plaintiffs' counsel has routinely been sending courtesy copies of filings in this case to uCloudlink's counsel of record, to the extent the identity of that counsel has been known to Plaintiffs.  By appearing for the purpose of opposing Plaintiffs' motion, uCloudlink Hong Kong

1

concedes it has adequate notice and has been given an opportunity to be heard. Dkt. No. 19. By failing to make substantive arguments related to uCloudlink Hong Kong, it essentially concedes that alternative service under Rule 4(f)(3) is appropriate as to uCloudlink Hong Kong. In fact, uCloudlink Hong Kong's appearance, while special in title, equates to a general appearance as it fails to present any objections to jurisdiction. *Id*. Objections to service should be challenged by a motion to quash and any appearance to challenge service may be interpreted as a general appearance. *Bonin v. Sabine River Auth. of Texas*, No. 1:17-CV-134, 2018 WL 1190236, at *4 (E.D. Tex. Feb. 8, 2018). Here, uCloudlink Hong Kong's appearance is a general appearance. *Id*.

    2.    *uCloudlink's Argument on Behalf of uCloudlink Shenzhen and uCloudlink New Shows the Propriety of Alternative Service*

The only arguments directed to the merits of Plaintiffs' Motion for Alternative Service are made on behalf of uCloudlink Shenzhen and uCloudlink New and directly seeking relief on behalf of these two entities. Dkt. No. 20, at 13–14. In light of these arguments, counsel's opposition should likewise be deemed a general appearance in this action on behalf of each of these companies. *See e.g. Bonin*, 2018 WL 1190236, at *4. Moreover, these arguments further demonstrate that substitute service on its counsel or sister company is appropriate, as those Chinese companies have apparently entrusted uCloudlink Hong Kong and its counsel to advocate its positions to this Court.

    3.    *uCloudlink's Representations to the SEC Undermine its Arguments Here*

uCloudlink's arguments contradict representations to the SEC made by uCloudlink's regulatory lawyers from Skadden and Kirkland. Indeed, Plaintiffs' Motion refers to the SEC filing which expressly acknowledges that these companies are, at a minimum, closely related enough to deem service on one of the subsidiaries sufficient to provide notice to every uCloudlink entity. uCloudlink acknowledges UCLOUDLINK GROUP, INC., is nothing more than a holding

company, so it is admittedly not the company that is actually *doing* the business described in the SEC filing. Dkt. No.18-2, at 15; *see Fundamental Innovation Systems Intl., LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022 at *3 (N.D. Tex. Mar. 16, 2018). It describes the entire group having a *single* mission of "enabl[ing] people to use mobile data traffic freely anytime, anywhere like breathing the air. We aim to make the world more connected with maximized network utility through harnessing the power of mobile data traffic sharing." Dkt. No.18-2, at 8. uCloudlink refers to itself in the singular when touting its business offering: "We are the world's first and leading mobile data traffic sharing marketplace . . ." *Id.* Such statements demonstrate the relationships among the uCloudlink entities as that of alter egos of UCLOUDLINK GROUP, INC., rather than just subsidiaries. *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 359 (5th Cir. 2003) (factors which demonstrate an alter ego relationship among corporate entities).

4. *Because uCloudlink America Shares Key Managerial Personnel with the uCloudlink Defendants, Alternative Service is Appropriate*

Alternative service is proper on the other uCloudlink entities because they share key personnel that can be reasonably expected to provide notice to the relevant entities. Zhiping Peng is the director of uCloudlink America. Dkt. No. 20-7 ("Gao Wen Decl.") at ¶ 3. Moreover, he is the chairman of the board of the *entire uCloudlink enterprise*. Dkt. No. 18-2 at 17 (SEC filing referring to him as "our[1] founder and chairman of board [(sic)] of directors."). He owns nearly 50% of the parent of Defendant uCloudlink New[2]. As board chairman of the entire uCloudlink

---

[1] According to the SEC filing "uCloudlink," "we," "our company," and "our," to refer to all of subsidiaries, and the "consolidated variable interest entities [("VIEs")] and [their subsidiaries.] of UCLOUDLINK GROUP, INC. Dkt. 18-2 at 19. Moreover, the VIEs are not within the ownership structure of UCLOUDLINK GROUP, INC. Dkt. 18-2 at 15–17. This raises questions as to whether a judgment against a UCLOUDLINK GROUP, INC. subsidiary would be enforceable against a VIE. Indeed, the SEC filing warns potential investors of potential conflicts of interests between the VIEs and UCLOUDLINK GROUP INC. owned companies. Dkt. 18-2, at 54–55.

[2] The SEC filing's nomenclature is inconsistent with the literal translation of these entity names and information provided by uCloudlink during previous litigation. Dkt. 18-2 at 15, 17. *See* the

enterprise, it is unreasonable to think he would not provide notice of this lawsuit to the relevant uCloudlink defendants.³ Additionally, Gao Wen, director of uCloudlink Hong Kong, is the director of uCloudlink New, further supporting that notice would be provided among the entities. Shen Decl. at ¶ 7, Ex. A.

      B.      <u>**uCloudlink's Substantive Arguments are Incomplete and Inaccurate**</u>

An opposition to a motion for alternative service is an improper vehicle to argue the merits of Plaintiffs' claims. Such arguments are better suited for motion practice *between the parties to the case*, such as on a motion to dismiss, motion to transfer, or a motion for summary judgment. Nonetheless, Plaintiffs briefly address them here to assuage any concerns about "futility."

      1.      *uCloudlink Misconstrues the New York District Court's Ruling*

uCloudlink Hong Kong's contention that the patent claims at issue are essentially moot is factually and legally inaccurate. uCloudlink Hong Kong ignores the district court's explicit clarification that its ruling is limited to the "context of the high standard . . . to warrant the 'extraordinary' remedy of injunctive relief. The Court in no way makes a definitive finding of non-infringement for any other purpose." Weed Supp. Decl., Ex. 10 (New York Action, Dkt. No. 304 at 5–6). In other words, there has been no formal discovery or determination of infringement regarding the redesigned products under alternate theories such as doctrine of equivalents.⁴ Moreover, Plaintiffs have learned that uCloudlink entities, such as, Defendant uCloudlink New

---

declaration of Yiren Shen and exhibits A and B thereto.

³ Chaohui Chen is "our founder, director, and chief executive officer." Dkt. 18-2, at 17, n. 2. His position is *above* all of the uCloudlink entities, rather than part of one uCloudlink entity. Gao Wen is listed "our chief sales officer." *Id.* Given that UCLOUDLINK GROUP, INC.'s is a holding company and other entities have specific purposes toward the stated uCloudlink goals, these officer positions must be linked to the greater enterprise and not the holding company seeking to go public.

⁴ Indeed, uCloudlink argued for a "colorable differences" test which focuses only on the *initial* form of infringement. New York Action, Dkt. No. 298, at 2.

4

may not be sufficiently related to the uCloudlink defendants in the New York action to ensure the judgment of patent infringement applies to that entity.  uCloudlink defendants named in this action (but not named as plaintiffs in the Declaratory Action) therefore may still be selling products that are not redesigned and continue to infringe SIMO's patent.  SIMO is entitled to pursue its claims against the named defendants on theories not ripe during the New York action such as doctrine of equivalents, and to prevent the potential continued infringement by parties that may not be bound by the judgment in the New York action.  uCloudlink has recognized the same, stating that "[if] the redesign product is more than colorably different, [] a new infringement action would need to be brought against the redesign products. *Id.* at 1371." Dkt. No. 292 at 7.

      2.  *SIMO's Misappropriation Claims are not Precluded by Res Judicata*

Defendants do not contend that the Declaratory Action affects Plaintiffs' misappropriation claims.  Defendants instead allege the motion is futile due to the trade secret misappropriation claim being ba44rred by the doctrine of claim preclusion. Dkt. No. 20 at 7.  Defendants' arguments are mistaken.  Claim preclusion "forecloses relitigation of claims that were *or could have been raised* in a prior action." *Davis v. Dal. Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (emphasis added).  The Northern District of California required Plaintiffs to establish that the Court had jurisdiction over uCloudlink Shenzhen before permitting its addition as a defendant. Weed Supp. Decl., Ex. 11 (California Action, Dkt. No. 44 at 14).  However, Plaintiffs have learned additional factual information demonstrating that uCloudlink Shenzhen is subject to the jurisdiction of this court and may be held liable for trade secret misappropriation. *See, e.g.,* Dkt. No. 18-2; Dkt. No. 2 at 10-12.  As such, Plaintiffs timely filed the instant case *for the first time* to prevent the continued misappropriation of their trade secrets by the named Defendants.

**III.** **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for alternative service should be granted.

Date: May 22, 2020                                          /s/ *Benjamin E. Weed*

Benjamin E. Weed (admitted pro hac vice)
benjamin.weed@klates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL  60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Gina A. Johnson (admitted pro hac vice)
Farris S. Matariyeh (admitted pro hac vice)
gina.johnson@klgates.com
farris.matariyeh@klgates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL  60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Jeffrey C. Johnson (admitted pro hac vice)
jeff.johnson@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone:  +1 206 3708338
Facsimile:  +1 206 623 7022

        Melissa Smith (Texas Bar No. 24001351)
        Gillam & Smith LLP
        303 South Washington Avenue
        Marshall, Texas 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257
        melissa@gillamsmithlaw.com

        Attorneys for Plaintiffs
        SIMO Holdings Inc., Skyroam, Inc., and
        Shenzhen Skyroam Technology Co., Ltd

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, May 22, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

        */s/ Melissa R. Smith*