IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SIMO HOLDINGS, INC., SKYROAM, INC., SHENZHEN SKYROAM TECHNOLOGY CO., LTD., | § § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00003-JRG |
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD., | § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is Plaintiffs SIMO Holdings Inc., Skyroam, Inc., and Shenzhen Skyroam Technology Co., Ltd.'s (collectively, "Plaintiffs") Motion for Alternative Service of Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"). (Dkt. No. 18.) In the Motion, Plaintiffs request to serve Defendants Hong Kong uCloudlink Network Technology Limited ("Hong Kong uCloudlink"), Shenzhen uCloudlink Network Technology Co. Ltd. ("Shenzhen uCloudlink"), and Shenzhen uCloudlink New Technology Co. Ltd. ("Shenzhen uCloudlink New") (collectively, "Defendants") by serving its U.S. counsel via e-mail and by serving a U.S. subsidiary of uCloudlink Group Inc.—uCloudlink (America), Ltd. ("uCloudlink America"). (*Id.* at 13–14.) For the reasons stated herein, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.   **BACKGROUND**

On March 5, 2020, Plaintiffs initiated service on these defendants through the Hague Convention by sending applications for service to the Central Authority in Hong Kong and Beijing,

respectively.[1] (*Id.* at 3.) To date, Plaintiffs have received no indication as to when these Hague submissions will be reviewed for compliance and finalized or ultimately served on Defendants. (*Id.* at 4.)

Hong Kong uCloudlink and uCloudlink America have previously sued Plaintiffs in the Northern District of California for patent infringement (the "California Action")[2] and are currently engaged in a declaratory action against SIMO in the Southern District of New York (the "New York Action").[3] (*Id.* at 2, 4.) Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") represents Hong Kong uCloudlink and uCloudlink America in the California Action. (*Id.* at 2.) Fish & Richardson P.C. ("Fish & Richardson") represents Hong Kong uCloudlink and uCloudlink America in the New York Action. (*Id.* at 4–5.) However, Shenzhen uCloudlink and Shenzhen uCloudlink New (collectively, the "Shenzhen Defendants") are not participants in the New York Action or the California Action.

In view of the delay in service by the Central Authority in China and the ongoing New York Action, Plaintiffs now request to effect alternative service on Defendants by serving Sheppard Mullin and Fish & Richardson. (*Id.* at 4.) Additionally, Plaintiffs request authority to serve uCloudlink America as a substitute for service upon Defendants because of uCloudlink America's involvement in the California Action and the New York Action and because it has been identified as a subsidiary of uCloudlink Group Inc.—the parent company of Defendants. (*Id.* at 6; *see also* Dkt. No. 18-2 at 157.)

---

[1] The application for service for Hong Kong uCloudlink was sent to the Central Authority in Hong Kong and the application for service for Shenzhen uCloudlink and Shenzhen uCloudlink New were sent to the Central Authority in Beijing.
[2] *Hong Kong uCloudlink Network Technology Limited, et al. v. SIMO Holdings Inc., et al.*, Case No. 3:18-cv-05031 (N.D. Cal. 2018).
[3] *Hong Kong uCloudlink Network Technology Limited, et al. v. SIMO Holdings Inc.*, Case No. 1:20-cv-3399-JSR (S.D.N.Y 2020).

2

Hong Kong uCloudlink filed a response to the instant Motion largely opposing the merits of this request as to itself and also contending that the alternative service requested as to the Shenzhen Defendants is not warranted and would be inconsistent with due process. (Dkt. No. 20 at 13.)

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f) states that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Here, Defendants are Chinese entities and China is a signatory to the Hague Convention. *See* HCCH Members, https://www.hcch.net/en/states/hcch-members. Accordingly, service through Rule 4(f)(1) is available to Plaintiffs as a method of service and is currently being attempted by Plaintiffs. However, Rule 4(f)(3) also authorizes service "by other means not prohibited by international agreement, as the court orders." Courts must ensure that alternative service under Rule 4(f)(3) comports with due process. *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *2–*3 (E.D. Tex. Jan. 23, 2012).

### III. ANALYSIS

As an initial matter, the Court finds that the requested methods of service are not prohibited by international agreement because the requested method of service would be effectuated in the United States, meaning that the Hague Convention would not be implicated. *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-cv-01827-N, 2018 WL 3330022,*5 (N.D. Tex. Mar. 16, 2018) ("Service on ZTE Corporation's counsel would not require the transmittal of documents abroad, so the Hague Convention would not apply.").

Further, Plaintiffs' request for alternative service in this case due to the additional time required to effect service pursuant to the Hague Convention has merit. *See Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 WL 11342502, at *3 (W.D. Tex. Jul. 2, 2014) (finding that courts routinely permit alternative service due to the delay and expense associated with service under the Hague Convention) (collecting cases). However, in addition the Court must consider whether service on the aforementioned U.S. counsel and uCloudlink America comports with due process as to each defendant.

### A.  Hong Kong uCloudlink

In regard to Hong Kong uCloudlink, the Court finds that the requested alternative service on counsel is appropriate and affords due process. Hong Kong uCloudlink concedes that the requested alternative service provides it notice by responding to the Motion and its response constitutes a general appearance in this case. (Dkt. No. 22 at 4 (arguing that the Motion should be denied as to the Shenzhen Defendants because Plaintiffs have no evidence that Fish & Richardson or Sheppard Mullin represent either)); *see also Bonin v. Sabine River Auth. of Tex.,* No. 1:17-cv-134, 2018 WL 1190236, at *4 (E.D. Tex. Feb. 8, 2018).

Even without such a concession, the Court finds that service on Hong Kong uCloudlink's counsel is appropriate in this instance. Courts routinely direct service on an international defendant's counsel under Rule 4(f)(3). *See RPost Holdings, Inc.*, 2012 WL 194388, at *2–*3. Furthermore, "[A]lternative service through these means is especially appropriate here because defendants have actual notice of and are actively participating in this action." *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-cv-393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) (citing *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-02047, 2015 WL 13387769, at *7 (E.D. La. Nov. 9, 2015). Here, Plaintiffs have provided sufficient evidence that Sheppard Mullin and Fish & Richardson serve as U.S. counsel for Hong Kong uCloudlink, and by filing a response to the Motion, Hong Kong uCloudlink has shown that they have actual notice of this case. Notably, there is no dispute that Hong Kong uCloudlink has come into the United States and is actually litigating in California and New York at the present time. Service in this case on their U.S. counsel would be proper and would afford them adequate due process.

### B. Shenzhen uCloudlink and Shenzhen uCloudlink New

On the other hand, the Court does not find that service on Sheppard Mullin and Fish & Richardson would comport with due process in regard to the Shenzhen Defendants. Plaintiffs have not provided the Court with evidence that these law firms serve or have served as counsel for either of the Shenzhen Defendants. The Court is not persuaded by Plaintiffs' argument that the appearance of these U.S. law firms on behalf of Hong Kong uCloudlink constitutes an appearance on behalf of the Shenzhen Defendants.

For similar reasons, the Court does not find that service on uCloudlink America satisfies due process in regard to the Shenzhen Defendants. The Fifth Circuit has held that a domestic subsidiary may be capable of serving as an agent for service so long as the foreign defendant to be served exercises such control over the domestic subsidiary that the two entities are essentially one. *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 570 (5th Cir. 2007). "In other words, the subsidiary must be the alter ego of the parent." *Fundamental Innovation Syst., Int'l, LLC*, 2018 WL 3330022, at *3. Here, Plaintiffs do not attempt to address whether uCloudlink America is an alter ego for the Defendants in their Motion. They raise this issue for the first time in their reply brief. (Dkt. No. 21 at 2–4.) As part of their reply brief, Plaintiffs argue that uCloudlink Group, Inc.'s SEC filings describe the uCloudlink entities as having a single mission and point out that the chairman of uCloudlink Group, Inc. is also the director of uCloudlink America. (*Id.* at 3.) Plaintiffs contend these facts establish that uCloudlink America is the alter ego of Defendants. (*Id.* at 4.) Without more the Court cannot adequately conclude that uCloudlink America is an alter ego of the Shenzhen Defendants such that service on uCloudlink America would be appropriate as adequate service on them.[4] *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.

---

[4] In fact, there has not been an adequate showing by Plaintiffs to establish uCloudlink America as an alter ego for any of the Defendants.

1983) ("100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."). As a result, the Court finds that Plaintiffs have not carried their burden of showing that uCloudlink America is an alter ego of the Shenzhen Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** with respect to Hong Kong uCloudlink such that Plaintiffs may adequately serve this defendant by effecting alternative service upon its U.S. Counsel (Sheppard Mullin and Fish & Richardson). However, the Motion is **DENIED** in all other respects. This ruling notwithstanding, Plaintiffs are not precluded from filing a subsequent motion for alternative service addressing whether uCloudlink America or some other related entity may properly serve as an agent for service under an alter ego theory or some other alternate means for service of process as to the Shenzhen Defendants.

**So ORDERED and SIGNED this 15th day of June, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE