**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SIMO HOLDINGS INC., SKYROAM, INC., AND SHENZHEN Skyroam TECHNOLOGY CO., LTD.,<br><br>Plaintiffs<br><br>v.<br><br>HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., AND SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD,<br><br>Defendants. | **CIVIL ACTION NO. 2:20-cv-00003**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' LIMITED OPPOSITION TO MOTION TO TRANSFER**

Plaintiffs SIMO Holdings Inc., Skyroam, Inc., and Shenzhen Skyroam Technology Co., Ltd. (collectively "Skyroam") respectfully submit this limited opposition to Defendant Hong Kong uCloudlink Network Technology Limited's ("uCloudlink Hong Kong") motion to transfer. D.I. 27. Specifically, Skyroam opposes only transfer of Skyroam's trade secret claims. uCloudlink Hong Kong has already contended that proposed alternative forum—the Northern District of California—lacks personal jurisdiction over Shenzhen uCloudlink Network Technology Co. Ltd. ("uCloudlink Shenzhen"), the critical party that facilitated and perpetrated the theft of Skyroam's trade secrets. Skyroam does not oppose the transfer of its patent infringement claims against uCloudlink Hong Kong to the Southern District of New York.

## I.      The first-to-file rule is inapplicable.

uCloudlink Hong Kong first argues that this Court should transfer Skyroam's trade secret claims to the Northern District of California under the first-to-file rule because "there is substantial overlap between the trade secret claims disposed of by the California court" and "the California action is indisputably the first-filed action with respect to these same trade secret claims." D.I. 27 at 9. But therein lies the rub. As uCloudlink's own authority explains, the first-to-file rule may apply only when two cases with substantial overlap are *pending*. *See Good Sportsman Marketing LLC v. Testa Assocs., LLC*, 2005 WL 2850302, at *3 (E.D. Texas Sept. 1, 2005) ("Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is *pending*, and the court where the action was first-filed decides if the cases actually do substantially overlap and require consolidation."); *see also Green Tree Servicing, L.L.C. v. Clayton*, 689 Fed. App'x 363, 367 (5th Cir. May 18, 2017) (unpublished) ("The first-to-file rule is a discretionary doctrine that may be applied 'when related cases are *pending* before two federal courts.'"). Here, there is no pending, first-filed action for trade secret misappropriation because Skyroam's trade secret counterclaims were dismissed in the

California Action for lack of personal jurisdiction (as to uCloudlink Shenzhen) and failure to state a claim as to conspiracy liability as against uCloudlink Hong Kong and unnamed party uCloudlink America. The first-to-rule thus is inapplicable. Notably, uCloudlink Hong Kong offers no authority that applied the first-to-file rule where the earlier-filed action had been dismissed and no longer was pending.

The inapplicability of the first-to-file rule makes sense in view of its purpose. Specifically, "[t]he rule rests on principles of comity and sound judicial administration," namely "maximiz[ing] judicial economy and minimiz[ing] embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Id.* at 368 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603–04 (5th Cir. 1999)); *see also id.* ("The first-to-file rule is aimed at avoiding both conflicting rulings on similar issues and duplicative rulings."). No prophylactics are needed here—there are no overlapping pending claims in California and therefore no risk of duplication.[1] Indeed, the risk of duplication lies instead in the relief uCloudlink Hong Kong is requesting: a transfer of trade secret claims against uCloudlink Hong Kong but not uCloudlink Shenzhen.[2]

## II.     Transfer under Section 1404 is inappropriate.

### A.     Skyroam's claims could not have been brought in California.

Section 1404 does not permit transfer of Skyroam's trade secret claims. As uCloudlink Hong Kong acknowledges, "[t]he initial threshold question is whether the suit could have been

---

[1] For this same reason, the Fifth Circuit has found the first-to-file rule inapplicable when two cases are pending before the same district court judge. *See, e.g.*, *Green Tree Servicing*, 689 Fed. App'x at 368.

[2] The claims against uCloudlink Shenzhen cannot be transferred to California because uCloudlink Hong Kong successfully opposed joinder of uCloudlink Shenzhen on the basis of lack of personal jurisdiction. In contrast, Skyroam has identified a strong basis for personal jurisdiction over uCloudlink Shenzhen (and uCloudlink Hong Kong) in Texas.

brought in the transferee district." D.I. 27 at 6 (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Here, uCloudlink Hong Kong itself has argued that this suit could not have been brought in the Northern District of California because of a lack of personal jurisdiction over uCloudlink Shenzhen. *See* Ex. A, *Hong Kong uCloudlink Technology Ltd., et al. v. Skyroam Holdings Inc., et al.*, Case No. 18-cv-5031-EMC (the "California Action"), D.I. 24 at 10–11 (N.D. Cal. Jan. 25, 2019) ("Skyroam's request for joinder of uCloudlink Shenzhen and uCloudlink (HK) Ltd. must be denied because Skyroam has failed to establish jurisdiction over any of them.").[3] And the California district court agreed, denying Skyroam leave to amend to add uCloudlink Shenzhen as a party for lack of personal jurisdiction. Ex. B, California Action, D.I. 44.

Where the proposed transferee district lacks personal jurisdiction over a named party, this Court and others have found the threshold inquiry unsatisfied. *See Eolas Techs. Inc. v. Wal-Mart Stores, Inc.*, 2016 WL 7042223, at *2 (E.D. Tex. Sept. 29, 2016) (where transferee district "would not have personal jurisdiction over [a named defendant][,] . . . [t]he threshold issue of whether this suit could have been filed . . . is not satisfied."); *Geotag, Inc. v. Frontier Comm'cns Corp.*, 2011 WL 13134590, at *5 (E.D. Tex. Sept. 15, 2011) ("[t]ransfer of a suit involving multiple defendants is ordinarily proper 'only is all of them would have been amendable to process in, and if venue as to all of them would have been proper in, the transferee court' at the time the lawsuit was filed.") (quoting *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 549 (E.D. Tex. 2009)); *In re Cashman Equip. Co.*, 584 Fed. App'x 930, 931–32 (Fed. Cir. Nov. 25, 2014) (affirming denial of motion to transfer under Section 1404 where district court concluded transferee forum

---

[3] Due to previously contesting jurisdiction in the California Action and succeeding, uCloudlink is judicially estopped from now arguing that the trade secret claims could have been brought in that jurisdiction against uCloudlink Shenzhen.

lacked personal jurisdiction over a defendant and movant thus "did not satisfy the threshold question in a transfer decision of whether the case 'might have been brought' in [the transferee forum]"). As a matter of law, based on uCloudlink Hong Kong's own arguments, Skyroam's trade secret claims against at least uCloudlink Shenzhen could not have been brought in the Northern District of California because it lacks personal jurisdiction.

**B.      California is not a more convenient forum.**

Contrary to uCloudlink Hong Kong's arguments, the public interest factors do not weigh in favor of transfer and are, at best, neutral. Because there is no pending trade secret action in California, there are no administrative difficulties or court congestion at issue, there are no local interests in California that outweigh Skyroam's choice of forum, the Northern District of California is not more competent than this Court to decide trade secret issues (and indeed this Court is more competent to determine violations of the Texas Uniform Trade Secrets Act), and, as uCloudlink Hong Kong concedes, there are no issues regarding the application of foreign law in this case. Indeed, counseling against transfer is the fact that DHI Telecom, a Texas corporation, with which defendants uCloudlink Hong Kong, uCloudlink Shenzhen and uCloudlink New have all worked in relation to providing white label products and services that are the same as the products and services at issue in this case, have witnesses located in Texas. And, again, as uCloudlink Hong Kong concedes, the private factors are neutral because "both parties are similarly situated" as foreign corporations. D.I. 27 at 13–14. Because the public and private factors are at best neutral, and indeed weigh against transfer, uCloudlink Hong Kong has failed to meet its "burden of proving that the transferee venue is 'clearly more convenient' than the transferor venue" sufficient to overcome "the plaintiff's choice of forum." *Eolas Techs.*, 2016 WL 7042223, at *1 (quoting *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

## III.    Request For Judicial Notice

Skyroam respectfully requests that the Court take judicial notice of the prior pending cases between the parties to the extent necessary to rule on this motion. These cases, pleadings, and hearings, are identified above, and a subset of the same are attached hereto. (*See, e.g.*, Exs. A-B.) Such notice is appropriate given that these are publicly available records of judicial proceedings. *See Ayati-Ghaffari v. JP Morgan Chase Bank, N.A.*, No. 4:18-CV-483-ALM-CAN, 2019 WL 1550141, at *4 (E.D. Tex. Feb. 10, 2019).

## IV.    Conclusion

For the foregoing reasons, this Court should deny uCloudlink Hong Kong's motion to transfer Skyroam's trade secret claims as both the first-to-file rule and Section 1404 are inapplicable and inappropriate in this case.


Date: September 9, 2020                    /s/ *Benjamin E. Weed*

Benjamin E. Weed (admitted pro hac vice)
benjamin.weed@klates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL  60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Gina A. Johnson (admitted pro hac vice)
Farris S. Matariyeh (admitted pro hac vice)
gina.johnson@klgates.com
farris.matariyeh@klgates.com
K&L GATES LLP

70 W. Madison St. Suite 3100
Chicago, IL  60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Jeffrey C. Johnson (admitted pro hac vice)
jeff.johnson@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone:  +1 206 3708338
Facsimile:  +1 206 623 7022

Melissa Smith (Texas Bar No. 24001351)
Gillam & Smith LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

***Attorneys for Plaintiffs***
***Skyroam Holdings Inc., Skyroam, Inc., and***
***Shenzhen Skyroam Technology Co., Ltd***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 9, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith