# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SIMO HOLDINGS INC., SKYROAM, INC., AND SHENZHEN SKYROAM TECHNOLOGY CO., LTD., <br><br> Plaintiffs <br><br> v. <br><br> HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., AND SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD, <br><br> Defendants. | CIVIL ACTION NO. 2:20-cv-00003 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT UCLOUDLINK HONG KONG'S MOTION TO TRANSFER**

**1. The first-filed rule is inapplicable.**

As SIMO showed in its opposition, the first-filed rule applies only when two cases with substantial overlap are *pending*. Dkt. 38 at 1–2. Again, uCloudlink Hong Kong fails to offer even a single case citation where a court has applied the first-filed rule where the allegedly first-filed case already has been terminated. Indeed, uCloudlink Hong Kong offers no response at all other than pointing to the "general principle" underlying the first-filed rule, citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But that case too explicitly recognizes that the rule, and its underlying principle is implicated only by "concurrent" proceedings. *Id*. The first-filed rule cannot apply because there is no concurrent proceeding here—the allegedly duplicative claims were dismissed in California.

Because it has no response to the inapplicability of the rule due to the lack of pending proceedings in California, uCloudlink instead attacks an argument SIMO did not make—that "the first-filed rule only applies when there is a complete identity of parties." Dkt. 43 at 2. What SIMO actually argued is that the first-filed rule's purpose in maximizing judicial economy and eliminating duplication runs directly contrary to the piecemeal approach uCloudlink proposes here by seeking to transfer claims against uCloudlink Hong Kong but leave behind claims against uCloudlink Shenzhen. No case cited by uCloudlink endorses splitting cases and transferring claims as to one defendant but not another, thereby *reducing* judicial economy and *increasing* duplication.

**2. Section 1404 does not permit piecemeal transfer.**

uCloudlink Hong Kong argues in reply that the threshold inquiry for transfer under Section 1404 is satisfied because this suit, as to uCloudlink Hong Kong alone, could have been brought in California and uCloudlink Hong Kong only seeks to transfer the claims against itself, not the claims against uCloudlink Shenzhen. But that's just not how Section 1404 works. By its plain language, "Section 1404(a) only authorizes the transfer of an entire action, not individual claims."

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991); *see also Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (holding that Section 1404(a) "authorizes the transfer only of an entire action and not of individual claims"); Wright & Miller, 15 Fed. Prac. & Pro. § 3846 (4th ed., Apr. 2020 update) ("A transfer under Section 1404(A) must be complete. That is, the transferor court cannot transfer the case for some purposes while retaining jurisdiction over other aspects for some other purpose."). "A court acting under [Section] 1404(a) may not transfer part of a case for one purpose while maintaining jurisdiction for another purpose; the section 'contemplates a plenary transfer' of the entire case." *Chrysler Credit Corp.*, 928 F.2d at 1518 (quoting *In re Flight Transp. Corp. Securities Litig.*, 764 F.2d 515, 516 (8th Cir. 1985)). Thus, the only mechanism by which this Court could transfer claims as to uCloudlink Hong Kong but not uCloudlink Shenzhen would be to sever the claims under Rule 21 of the Federal Rules of Civil Procedure—relief uCloudlink Hong Kong has not requested. Because uCloudlink Hong Kong offers no other response aside from an argument that is barred by Section 1404(a)'s plain text, it has effectively conceded that this action could not have been brought in California.

**3. uCloudlink Hong Kong fails to identify any convenience in California.**

uCloudlink Hong Kong has not identified any party or witness that is in California. Nor has it identified any local Californian interests in this case, issue of court competency (indeed, uCloudlink Hong Kong's reply concedes that these claims "require no specialized familiarity with the law"), or administrative difficulties. Instead, uCloudlink Hong Kong seems only to argue that SIMO's "dismissed and precluded" claims "add[] to court congestion." That's an argument for claim preclusion, not transfer. And uCloudlink Hong Kong fails to identify any specific congestion in the Eastern District of Texas that weigh in favor of transfer. Even if true, uCloudlink Hong Kong has identified only one factor it alleges weighs in favor of transfer. Its arguments as to convenience

are plainly insufficient and the Court should reject transfer under Section 1404 even the threshold issue addressed above were satisfied.

| | |
|---|---|
| Date: September 24, 2020 | /s/ *Benjamin E. Weed* <br> Benjamin E. Weed (admitted pro hac vice) <br> benjamin.weed@klates.com <br> K&L GATES LLP <br> 70 W. Madison St. Suite 3100 <br> Chicago, IL 60602 <br> Telephone: +1 312 372 1121 <br> Facsimile: +1 312 827 8000 <br><br> Peter E. Soskin (SBN 280347) <br> peter.soskin@klgates.com <br> K&L GATES LLP <br> Four Embarcadero Center, Suite 1200 <br> San Francisco, CA 94111 <br> Telephone: +1 415 882 8200 <br> Facsimile: +1 415 882 8220 <br><br> Gina A. Johnson (admitted pro hac vice) <br> Farris S. Matariyeh (admitted pro hac vice) <br> gina.johnson@klgates.com <br> farris.matariyeh@klgates.com <br> K&L GATES LLP <br> 70 W. Madison St. Suite 3100 <br> Chicago, IL 60602 <br> Telephone: +1 312 372 1121 <br> Facsimile: +1 312 827 8000 <br><br> Jeffrey C. Johnson (admitted pro hac vice) <br> jeff.johnson@klgates.com <br> K&L GATES LLP <br> 925 Fourth Avenue, Suite 2900 <br> Seattle, WA 98104 <br> Telephone: +1 206 3708338 <br> Facsimile: +1 206 623 7022 |

>Melissa Smith (Texas Bar No. 24001351)
>Gillam & Smith LLP
>303 South Washington Avenue
>Marshall, Texas 75670
>Telephone: (903) 934-8450
>Facsimile: (903) 934-9257
>melissa@gillamsmithlaw.com
>
>*Attorneys for Plaintiffs*
>*SIMO Holdings Inc., Skyroam, Inc., and*
>*Shenzhen Skyroam Technology Co., Ltd*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 24, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>*/s/ Melissa R. Smith*
>Melissa R. Smith