IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SIMO HOLDINGS, INC., SKYROAM, INC., SHENZHEN SKYROAM TECHNOLOGY CO., LTD., | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00003-JRG |
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD., | § § § § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Hong Kong uCloudlink Network Technology Limited's ("Hong Kong uCloudlink") Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion to Dismiss") (Dkt. No. 26) and Motion to Transfer (Dkt. No. 27). Having considered both Motions, and for the reasons set forth herein, the Court is of the opinion that such Motions should be **DENIED**.

**I.   BACKGROUND**

On January 6, 2020, Plaintiffs SIMO Holdings, Inc. ("SIMO"), Skyroam, Inc. ("Skyroam"), and Shenzhen Skyroam Technology Co., Ltd. ("Shenzhen Skyroam") (collectively, "Plaintiffs") filed suit in this Court alleging infringement of U.S. Patent No. 9,736,689 (the "'689 Patent") and misappropriation of trade secrets by Defendants Hong Kong uCloudlink Network Technology Limited, Shenzhen uCloudlink Network Technology Co. Ltd. ("uCloudlink Shenzhen"), and Shenzhen uCloudlink New Technology Co. Ltd. ("uCloudlink New")

(collectively, "Defendants"). (Dkt. No. 2). Specifically, Plaintiffs allege infringement by G2, G3, G4, and U2 Series WiFi hotspot devices and S1 and P3 mobile phones using Defendants' software. (*Id*. ¶ 115). Plaintiffs also allege trade secret misappropriation by Defendants through the activities of former Skyroam employee Wang Bin. (*Id*. ¶ 152).

Previously, SIMO filed claims against Hong Kong uCloudlink and Ucloudlink America, Ltd. in the Southern District of New York, alleging infringement of the '689 Patent. *See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Ltd. et al.*, Case No. 1:18-cv-05427, Dkt. No. 20 (S.D.N.Y. Aug. 20, 2018) (the "New York Action I"); (Dkt. No. 27-3). The New York court ruled that the accused products infringed as a matter of law and entered a permanent injunction barring the Defendants from selling such products. (Dkt. Nos. 27-8, 27-9). Following that judgment, the Defendants redesigned their products. (Dkt. No. 27 at 3). Those redesigned products are the subject of the suit brought in this Court and are also the subject of continuing proceedings in the New York court. *See Hong Kong uCloudlink Network Technology Limited, et al. v. SIMO Holdings Inc*., Case No. 1:20-cv-03399, Dkt. No. 30 (S.D.N.Y. Jun. 23, 2020) (the "New York Action II").

A separate action was also filed in the Northern District of California between SIMO and Hong Kong uCloudlink which included trade secret counterclaims asserted by SIMO. *See Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.*, No. 18-cv-05031-EMC, Dkt. No. 44 (N.D. Cal. Jan. 25, 2019) (the "California Action"); (Dkt. No. 26-4). The California court dismissed those counterclaims with prejudice. (Dkt. No. 26-1).

In this case, Defendant Hong Kong uCloudlink moved to dismiss Plaintiffs' trade secret claims, contending that those claims are subject to claim preclusion and res judicata, and also seeking dismissal of Plaintiffs' patent claims, contending that Plaintiffs failed to state a claim for

2

which relief can be granted. (Dkt. No. 26 at 9, 10). Hong Kong uCloudlink also moved to transfer Plaintiffs' trade secret claims to California and Plaintiffs' patent claims to New York. (Dkt. No. 27 at 15).

## II. LEGAL STANDARDS

### A. RES JUDICATA

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id*.

To determine whether the two actions involve the same claims, the Court applies the "transactional" test. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). "[I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983). The critical inquiry under the transactional test is whether the two actions are based on the same nucleus of operative facts. *Test Masters*, 428 F.3d at 571.

### B. FIRST-TO-FILE

"The first-to-file rule is a discretionary doctrine . . . ." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "Under the first-to-file rule, when related cases are ***pending*** before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id*. (emphasis added).

### C. 28 U.S.C. § 1404 CONVENIENCE TRANSFERS

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). Once this threshold determination is satisfied, the court must determine whether transfer is convenient, turning on private and public interest factors. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id*. The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. The Plaintiffs' choice of venue is not a factor in this analysis, but rather, it is the movant's burden to prove that the transferee venue is clearly more convenient than the transferor venue. *Volkswagen II*, 545 F.3d at 314–15.

### III.   DISCUSSION

Both parties request that the Court take judicial notice of the prior pending cases between the parties to the extent necessary to rule on the Motions,[1] and the Court does so here. *See Ayati-*

---

[1] (*See* Dkt. No. 26 at 10; Dkt. No. 27 at 15; Dkt. No. 38 at 5; Dkt. No. 39 at 11).

4

*Ghaffari v. JP Morgan Chase Bank, N.A.*, No. 4:18-CV-483-ALM-CAN, 2019 WL 1550141 at *4 (E.D. Tex. Feb. 10, 2019) (Nowak, M.J.).

Issues considered by the Court include: (1) whether to transfer or dismiss Plaintiffs' patent claims; (2) whether to dismiss Plaintiffs' trade secret claims; and (3) whether to transfer Plaintiffs' trade secret claims.

### A. PATENT CLAIMS

Hong Kong uCloudlink moved to transfer and dismiss Plaintiffs' patent claims to the Southern District of New York, where similar allegations are currently pending. (Dkt. No. 27 at 8–9; Dkt. No. 26 at 9–10). Plaintiffs did not oppose transfer, and no further briefing was submitted regarding the dismissal of those claims. (Dkt. No. 38 at 1). The Court also notes that Hong Kong uCloudlink did not explicitly move to sever the patent claims from the trade secret claims.

The Court, having considered such, is of the opinion that the motion to transfer Plaintiffs' patent claims is premature. Although transfer of those claims is unopposed by Plaintiffs, the Court is not persuaded that transfer is appropriate before a ruling from the New York court on the pending motion for summary judgment of noninfringement. Once the New York court has decided the issue, it may become clearer whether transferring Plaintiffs' patent claims to New York would be appropriate.

### B. MOTION TO DISMISS TRADE SECRET CLAIMS

#### 1. The nucleus of operative facts in this case is distinct and thus dismissal is inappropriate.

In the California Action, SIMO and Skyroam brought trade secret counterclaims against Hong Kong uCloudlink. (Dkt. No. 26-4 at 14). Those counterclaims asserted two distinct theories: first, that Hong Kong uCloudlink conspired with former Skyroam employee Wang Bin to misappropriate trade secrets; second, that Hong Kong uCloudlink was liable because it learned of

Mr. Wang's and uCloudlink Shenzhen's misappropriation but continued to sell products using those trade secrets. (Dkt. No. 26-1 at 8). SIMO and Skyroam amended their counterclaims and dropped the second theory in the California Action, while the California court dismissed the first theory with prejudice on Rule 12(b)(6) grounds. (*See* Dkt. No. 26-1).

In the instant case, Plaintiffs allege that Mr. Wang acquired Skyroam's trade secrets while in its employ and that uCloudlink Shenzhen thereafter hired Mr. Wang. (Dkt. No. 2 ¶¶ 226-233; Dkt. No. 39 at 6–7). Plaintiffs further allege that uCloudlink Shenzhen applied for Chinese patents disclosing Skyroam's trade secrets, and that Hong Kong uCloudlink is vicariously liable after having acquired uCloudlink Shenzhen while knowing of uCloudlink Shenzhen's misappropriation. (*Id.*).

Hong Kong uCloudlink argues that this Court should dismiss Plaintiffs' trade secret claims because they are barred by res judicata. (Dkt. No. 26 at 7). Hong Kong uCloudlink asserts that the parties are the same, that the first judgment was rendered by a court of competent jurisdiction, and that 12(b)(6) dismissal of the trade secret claims in the California Action was a final judgment on the merits. (*Id.*). Hong Kong uCloudlink also asserts that the claims are the same, because both are based on the alleged theft by Mr. Wang and subsequent misappropriation by uCloudlink entities. (*Id.*). Although the theory in this case may be different than the claims dismissed by the California court, Hong Kong uCloudlink argues that asserting a new theory is insufficient to avoid res judicata. (Dkt. No. 42 at 1, citing *Matter of Howe*, 913 F.2d 1138, 1144 n.10 (5th Cir. 1990)). Hong Kong uCloudlink further argues that Plaintiffs had the opportunity to make these same allegations in the California Action, pointing to the fact that SIMO alleges that the acquisition occurred on May 16, 2019, while the second amended counterclaims were filed in the California Action on June 17, 2019. (*Id.* at 4–5).

Plaintiffs respond that the claims are not the same, because they do not arise from the same nucleus of operative facts. In particular, Plaintiffs point to the fact that their trade secret claims in the California Action were dismissed because the conspiracy claims were not plausible. (Dkt. No. 39 at 4). In this case, the allegations are not based on conspiracy, but rather Hong Kong uCloudlink's acquisition of uCloudlink Shenzhen, knowing of the latter's alleged misappropriation. (*Id*. at 5–6). Plaintiffs further argue that the publication of patents containing the trade secrets prior to the acquisition cannot be used by Hong Kong uCloudlink as a defense, because Hong Kong uCloudlink admitted to being in privity with uCloudlink Shenzhen, a fact that was not addressed by the California court. (*Id*. at 8–10). Plaintiffs additionally point to the California court denying Skyroam's motion to join uCloudlink Shenzhen as a defendant as leaving open the question of whether uCloudlink Shenzhen was a necessary party under Rule 19, whereas the allegations in this case would in fact require such an analysis. (Dkt. No. 44 at 5).

Having considered the Parties' respective briefing on the issues, the Court finds that the allegations in the instant case are not based on the same core or nucleus of operative facts as the California Action. There is undoubtedly some factual overlap, such as the circumstances of Mr. Wang's employment with Skyroam and the allegations of trade secret theft, as well as Mr. Wang's relationship with uCloudlink Shenzhen. However, the operative facts of Hong Kong uCloudlink's acquisition of uCloudlink Shenzhen and Hong Kong uCloudlink's knowledge of the trade secrets differ significantly from the California Action and are crucial to the trade secret claim brought here. Accordingly, the Court is of the opinion that Hong Kong uCloudlink's Motion to Dismiss Plaintiffs' trade secret claims should be denied.

### C. MOTION TO TRANSFER TRADE SECRET CLAIMS

Hong Kong uCloudlink moved to transfer Plaintiffs' trade secret claims to the Northern District of California on two grounds: the first-to-file rule and 28 U.S.C. § 1404. (*See* Dkt. No. 27).

#### 1. The first-to-file rule does not apply because the California action is no longer pending.

Hong Kong uCloudlink moved for the transfer of Plaintiffs' trade secret claims to California on the basis that "there is substantial overlap between the trade secret claims brought [in the Eastern District of Texas] and the trade secret claims disposed of by the California court." (*Id.* at 9). In response, Plaintiffs point out that the California Action is no longer pending, and thus the first-to-file rule is inapplicable. (Dkt. No. 38 at 1–2).

As Hong Kong uCloudlink admits in its Motion to Transfer, the trade secret claims were disposed of by the California court. The first-to-file rule only applies in instances where there are concurrent, pending proceedings in different federal courts, and moreover, the Court responding to the motion has discretion to apply the rule. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("[T]here are principles . . . which govern in situations involving the *contemporaneous* exercise of concurrent jurisdictions . . .") (emphasis added); *see also Cadle Co.*, 174 F.3d at 603 ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it . . ."). Accordingly, the Court is not compelled to transfer the trade secret claims under the first-to-file rule and does not do so here.

#### 2. § 1404 does not require transfer of this action.

Hong Kong uCloudlink also moved for transfer of the trade secret claims to California under 28 U.S.C. § 1404. (Dkt. No. 27 at 10). First addressing the threshold question of whether

8

the claims could have initially been brought in California, Hong Kong uCloudlink points to the fact that there were already trade secret claims asserted by Plaintiffs in California and that Skyroam is incorporated and has its principal place of business in the Northern District of California. (*Id*.). Hong Kong uCloudlink argues that the Northern District of California already disposed of the trade secret claims there, and should this Court not dismiss the trade secret claims before it, this Court should transfer those claims to California. (*Id*. at 11).

Next addressing the public interest factors, Hong Kong uCloudlink argues that Plaintiffs' assertion of "dismissed and precluded trade secret claims" adds to this Court's congestion. (*Id*. at 12). Hong Kong uCloudlink also argues that there is no claim with a particular local interest for this Court to address, because the accused products are not developed in this district, the witnesses are not in this district, the parties are not based in this district, and in fact maintain no local offices here—SIMO and Shenzhen Skyroam are both organized and based abroad, while Skyroam is incorporated and based in California. (*Id*.). The Defendants in this case are Chinese corporations, while Ucloudlink America, Ltd.—not a named defendant in this case—is a New York business. (*Id*.). Turning next to the third public interest factor, the familiarity of the forum with governing law, Hong Kong uCloudlink argues that the California court is equally competent to decide issues of the federal Defense of Trade Secrets Act and that the Texas and California trade secrets acts substantially overlap with the federal act and each other. (*Id*. at 12–13). The final public interest factor, the avoidance of conflict of laws problems due to the application of foreign law, is not at issue in this case and therefore neutral. (*Id*. at 13).

Hong Kong uCloudlink acknowledges that with respect to the private interest factors, "both parties are similarly situated." (*Id*.). Defendants in this case are all Chinese companies, as are most of the Plaintiffs. (*Id*.). Hong Kong uCloudlink argues that "the private factors . . . do not support

re-litigating already-dismissed claims of trade secret misappropriation in this District . . . [T]o the extent the Court determines there is some new claim that is not barred by claim preclusion, the California court's long experience with these theories and the facts of the case heavily favors transfer of this claim to that court for resolution." (*Id.* at 15).

In response, Plaintiffs argue that Skyroam's trade secret claims could not have been brought in the Northern District of California because of a lack of personal jurisdiction over uCloudlink Shenzhen. (Dkt. No. 38 at 2–3). Therefore, Plaintiffs argue, the threshold inquiry is not satisfied here. Plaintiffs further argue that California is not a more convenient forum—first, because the public interest factors are neutral at best. (*Id.* at 4). There is no pending trade secret action in California, there are no administrative difficulties or court congestion at issue, there are no local interests in California that outweigh Plaintiffs' forum choice, the California court is not more competent than this Court to determine trade secret issues particularly as it concerns the Texas Uniform Trade Secrets Act, and there are no issues regarding the application of foreign law. (*Id.*). In fact, DHI Telecom, a Texas corporation with which the Defendants worked, has witnesses located in Texas. (*Id.*). As Hong Kong uCloudlink acknowledges, the private factors are neutral. (*Id.*). Therefore, Plaintiffs argue, Hong Kong uCloudlink failed to meet its burden to show that the transferee venue is clearly more convenient than the transferor venue. (*Id.*, citing *Eolas Techs. Inc. v. Wal-Mart Stores, Inc.*, 2016 WL 7042223 at *2 (E.D. Tex. Sept. 29, 2016)).

With regard to the threshold question, Hong Kong uCloudlink argues that it only moved to transfer as to itself, and that Shenzhen uCloudlink has not appeared in the United States at all, so any jurisdictional issues related to that entity have nothing to do with the Motion to Transfer as to Hong Kong uCloudlink. (Dkt. No. 43 at 3). However, Plaintiffs argue that § 1404 transfer cannot

be used for part of an action; that is, a piecemeal transfer would be improper. (Dkt. No. 45 at 2–3).

The threshold question for this Court to address is whether the claims that are the subject of the Motion to Transfer could properly have been originally brought in the Northern District of California. *Volkswagen II*, 545 F.3d at 312. The plain language of § 1404(a) only permits the transfer of a "civil action," and therefore a transfer of only one defendant, Hong Kong uCloudlink, would be contrary to that language. 28 U.S.C. § 1404(a). If this Court were inclined to transfer the trade secret claims, such claims would need to be transferred as to all Defendants. However, the California court denied leave to add uCloudlink Shenzhen because of a lack of personal jurisdiction over that entity—therefore, any transferred claims could not have been properly brought in the proposed transferee court. (Dkt. No. 38-2). Thus, the threshold issue is not satisfied in this case

However, even if the threshold question were satisfied, which it is not, the Northern District of California is not clearly more convenient. First, the Court looks to the public interest factors: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Volkswagen I*, 371 F.3d at 203.

The Court is not persuaded that any of the public interest factors favor transfer. As to the first factor, court congestion does not favor transfer. With regard to factor two, neither California nor Texas has the stronger local interest in this case, given that most of the allegations relate to events in China. As to the third factor, both the California court and this Court are familiar with governing trade secrets law—and if anything, this factor weighs against transfer, as Plaintiffs assert

their claims under the Texas Uniform Trade Secrets Act. Finally, as both parties concede, there is no significant application of foreign law complicating matters. The Court agrees, given the substantial overlap of the respective Texas and California Uniform Trade Secrets Acts. Even if there were any difference, that difference would weigh against transfer, since the Texas Uniform Trade Secrets Act would be foreign to the California court.

Next, the Court examines the private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203.

The Court does not find that any of the private interest factors favor transfer. Movant Hong Kong uCloudlink admits that "both parties are similarly situated" with regard to the private interest factors. (Dkt. No. 27 at 13). The only support for transfer proffered by Hong Kong uCloudlink is the California court's experience with the litigation, which this Court finds unpersuasive. (*Id*. at 15).

Having considered the Parties' respective briefing, the Court is of the opinion that 28 U.S.C. § 1404(a) does not compel it to transfer Plaintiffs' trade secret claims to California, and accordingly, Hong Kong uCloudlink's Motion to Dismiss is denied on that ground.

### IV.    CONCLUSION

In light of the foregoing, the Court is of the opinion that Defendant Hong Kong uCloudlink's Motion to Transfer should be and hereby is **DENIED** as to Plaintiffs' patent infringement claims. It is further **ORDERED** that Hong Kong uCloudlink advise this Court of the Southern District of New York's ruling on summary judgment within five (5) days of such ruling. Thereafter, Hong Kong uCloudlink may seek leave of this Court to re-urge its Motion to Transfer.

Further, for the reasons stated herein, Defendant Hong Kong uCloudlink's Motion to Transfer and Motion to Dismiss are **DENIED** as to all remaining grounds.

**So ORDERED and SIGNED this 24th day of November, 2020.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE