# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SIMO HOLDINGS INC., SKYROAM, INC., and SHENZHEN SKYROAM TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., and SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD, <br><br> Defendants. | CIVIL ACTION NO. 2:20-cv-00003-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' LIMITED OPPOSITION TO MOTION FOR RECONSIDERATION**

Plaintiffs SIMO Holdings Inc., Skyroam, Inc., and Shenzhen Skyroam Technology Co., Ltd. (collectively "Skyroam") respectfully submit this limited opposition to Defendant Hong Kong uCloudlink Network Technology Limited's ("uCloudlink Hong Kong") motion for reconsideration. D.I. 55. As with uCloudlink Hong Kong's initial motions, Skyroam opposes only transfer of Skyroam's trade secret claims.

"Rule 54(b) [of the Federal Rules of Civil Procedure] allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' `any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 336 (5th Cir. 2017) (alterations in original) (quoting Fed. R. Civ. P. 54(b)). Because this Court was well within its discretion to deny uCloudlink's previous motion to transfer and because uCloudlink Hong Kong offers nothing new—no new facts and no new case law—this Court should deny the motion for reconsideration.

I.      **Argument**

   A.      **The first-to-file rule still is inapplicable.**

uCloudlink does not dispute this Court's conclusion that the first-to-file rules is a discretionary doctrine.  Dkt. 48, at 3–4.  As this Court correctly held, "[t]he first-to-file rule does not apply because the California action is no longer pending." D.I. 48 at 8. This is because the first-to-file rule "only applies in instances where there are concurrent, pending proceedings in different federal courts." *Id*. (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)). The plain language of that rule bar its application here. So does its very purpose, as this Court acknowledged. "The rule rests on principles of comity and sound judicial administration," namely "maximiz[ing] judicial economy and minimiz[ing] embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Id*. at 368 (quoting *Cadle Co. v. Whataburger of Alice,*

1

*Inc.*, 174 F.3d 599, 603–04 (5th Cir. 1999)); *see also id*. ("The first-to-file rule is aimed at avoiding both conflicting rulings on similar issues and duplicative rulings."). And here, there is no risk of duplication because the California Action's trade secret claims have been "disposed" of and there are no pending proceedings relating to Skyroam's affirmative counterclaims.  The remaining counterclaims are limited to those related to Skyroam's patent-infringement affirmative defenses and unrelated to its trade secret misappropriation claims which never made it past the pleading stage in the California Action.  Furthermore, the California Court explicitly opined that time and docket management was relevant to its decision to refuse to permit Skyroam to amend its claims of conspiracy to commit trade secret misappropriation.  Dkt. 26-1, at 13:10–13.  Thus, uCloudlink suggests transferring a case to a Court that has closed the door on affirmative, non-mandatory counterclaims.

While uCloudlink Hong Kong raises the hypothetical specter of an appeal, it cites no case supporting the proposition that an unfiled, potential appeal can trigger the first-to-file rule.

uCloudlink Hong Kong offers this Court no case law to the contrary. Indeed, despite now having filed three briefs on this issue, uCloudlink Hong Kong still has not offered a single case, from any court, supporting its position that dismissed claims in an earlier-filed suit can qualify as a first-filed action necessitating transfer under the first-to-file rule. Instead, uCloudlink Hong Kong points to the language of the rule, that it concerns "actions" and not "claims," which, according to uCloudlink Hong Kong means that because uCloudlink's *affirmative* patent infringement action filed in California mean that Skyroam's dismissed *affirmative* conspiracy to commit trade secret misappropriation counterclaims—claims which we never pursued because they were dismissed at the pleading stage—must somehow still be considered pending.

This argument is nonsensical and is inconsistent with the plain language of Rule 41 of the Federal Rules of Civil Procedure ("Dismissal of Actions") which provides that dismissals of counterclaims are treated the same way as dismissals of actions. Fed. R. Civ. P. 41(c). Indeed, it would dramatically expand the first-to-file rule. According to uCloudlink Hong Kong, any claims dismissed with prejudice will trigger the first-to-file rule in a later-filed, related case as long as *any* portion of the first-filed case remains pending. Such an expansion of the first-to-file rule finds no support in case law and should be rejected.

Regardless, this Court was well within its discretion to maintain Skyroam's trade secret misappropriation claims before this Court because no trade secret misappropriation action is pending before the California Court. *See* Dkt. 48 at 8 ("[T]he Court is not compelled to transfer the trade secret claims under the first-to-file rule and does not do so here.") uCloudlink does not dispute this.

## II.     Conclusion

For the foregoing reasons, this Court should deny uCloudlink Hong Kong's motion to reconsider its motion to transfer Skyroam's trade secret claims.

| | |
|---|---|
| Date: January 18, 2021 | /s/ *Benjamin E. Weed*<br>Benjamin E. Weed (admitted *pro hac vice*)<br>benjamin.weed@klates.com<br>K&L GATES LLP<br>70 W. Madison St. Suite 3100<br>Chicago, IL  60602<br>Telephone: +1 312 372 1121<br>Facsimile: +1 312 827 8000<br><br>Peter E. Soskin (SBN 280347)<br>peter.soskin@klgates.com<br>K&L GATES LLP<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA  94111<br>Telephone: +1 415 882 8200<br>Facsimile: +1 415 882 8220<br><br>Gina A. Johnson (admitted *pro hac vice*)<br>Farris S. Matariyeh (admitted *pro hac vice*)<br>gina.johnson@klgates.com<br>farris.matariyeh@klgates.com<br>K&L GATES LLP<br>70 W. Madison St. Suite 3100<br>Chicago, IL  60602<br>Telephone: +1 312 372 1121<br>Facsimile: +1 312 827 8000<br><br>Jeffrey C. Johnson (admitted *pro hac vice*)<br>jeff.johnson@klgates.com<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA  98104<br>Telephone:  +1 206 3708338<br>Facsimile:  +1 206 623 7022<br><br>Melissa R. Smith (Texas Bar No. 24001351)<br>GILLAM & SMITH LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>melissa@gillamsmithlaw.com<br><br>***Attorneys for Plaintiffs***<br>***Skyroam Holdings Inc., Skyroam, Inc., and***<br>***Shenzhen Skyroam Technology Co., Ltd*** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 18, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith