# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SIMO HOLDINGS INC., SKYROAM, INC., AND SHENZHEN Skyroam TECHNOLOGY CO., LTD., <br><br> Plaintiffs <br><br> v. <br><br> HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., AND SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD, <br><br> Defendants. | **CIVIL ACTION NO. 2:20-cv-00003** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' SUR-REPLY TO MOTION FOR RECONSIDERATION**

I.  INTRODUCTION

Plaintiffs SIMO Holdings Inc., Skyroam, Inc., and Shenzhen Skyroam Technology Co., Ltd. (collectively "Skyroam") respectfully submit this sur-reply in opposition to Defendant Hong Kong uCloudlink Network Technology Limited's ("uCloudlink Hong Kong") motion for reconsideration. Dkt. 55. As with uCloudlink Hong Kong's initial motions, Skyroam only opposes transfer of Skyroam's trade secret claims.

As explained in Skyroam's oppositions to uCloudlink Hong Kong's motions to transfer and dismiss, significant compelling circumstances justify this Court's decision not to apply the first-to-file rule. *See, e.g.,* Dkt. 68, at 4.

II.  ARGUMENT

### A. By Standing in for uCloudlink Shenzhen, uCloudlink Hong Kong Created the Problem of Which it Now Complains.

This action is before this Court *because of uCloudlink Hong Kong's conduct*. uCloudlink Hong Kong, arguing *on behalf of uCloudlink Shenzhen*, presented (questionable) arguments that helped convince the District Court to deny the inclusion of uCloudlink Shenzhen on jurisdictional grounds. *See* Dkt. 39-2 at 17:4–8; 33:22–34:1. This resulted in the California Court refusing to join uCloudlink Shenzhen for jurisdictional purposes. Largely due to *uCloudlink Hong Kong's arguments*, Skyroam analyzed the uCloudlink connections to California and Texas, and learned of a connection to Texas that uCloudlink Hong Kong would be less likely able to refute on jurisdictional grounds.

Skyroam had no choice but to file a separate case, and based on its discovery, jurisdiction over uCloudlink Shenzhen and uCloudlink Hong Kong was much more apparent in Texas. This is not improper forum shopping, it is forum *searching*. To the extent this is a problem from uCloudlink Hong Kong's perspective, it is a problem of uCloudlink Hong Kong's own making.

### B. It is not Feasible to Join Skyroam's Trade Secret Claims in the California Action

Additionally compelling is the fact that at the time the district court dismissed Skyroam's trade secret misappropriation claims in California, it expressly referred to the need for the California Action to move to the next phase of the litigation. Dkt. 26-1, at 13:10-13. Now, discovery in the California Action has closed, and on the eve of the due date for expert reports[1] in the California Action, uCloudlink Hong Kong suggests that Skyroam's misappropriation claims could somehow be included in the California Action. Weed Decl. at Ex. B (California Action Scheduling Order, Dkt. 218). This is so notwithstanding the fact that the key entity that performed the initial trade secret misappropriation—uCloudlink Shenzhen—has evaded service of the Texas Complaint.

### C. The Parties in the California Action are Different than the Parties in the Texas Action

The substantial overlap analysis includes evaluating whether the same parties are involved in both actions. *SIPCO, LLC v. Emerson Elec. Co.*, No. 6:15-cv-907, 2016 U.S. Dist. LEXIS 191202 at *3 (E.D. Tex. July 1, 2016)[2]. Based on uCloudlink Hong Kong's arguments, uCloudlink Hong Kong would have this Court believe that uCloudlink Shenzhen (and uCloudlink New by all accounts) cannot be sued in California. Therefore, the parties to a transferred California Action will not incorporate the unserved Chinese entities, one of which is directly implicated in the initial misappropriation attributable to an uCloudlink entity.

---

[1] Indeed, this sur-reply is submitted after the original expert report deadline. *See* Weed Decl. Ex. A (California Action Dkt. 153 (original Case Management and Pretrial Order setting fact discovery cutoff and expert report deadline for October 22, 2020).

[2] uCloudlink misstates the nature of the "first-filed" case in *SIPCO*. While the plaintiff brought an action in 2013, it dismissed that action *in its entirety*, and, in 2015 later filed *another declaratory judgment action* in which it asserted fewer patents. *Id.* at *1. This 2015 and, and *not* the dismissed 2013 action, was the first-filed action for purposes of the Court's analysis. *Id.*

### D. Transferring uCloudlink Hong Kong's Claims to the Northern District of California Risks Inconsistent Rulings

As Skyroam argued in its initial opposition to Plaintiffs' motion to transfer Skyroam's trade secret action, the district court in the California Action refused to permit Skyroam to join one of the defendants in this action (Shenzhen uCloudlink Network Technology Co. Ltd.) on jurisdictional grounds. Dkt. 38, at 1.

uCloudlink Hong Kong offers no explanation as to what would happen to Skyroam's action against uCloudlink Shenzhen and uCloudlink New if this case (as pertains to uCloudlink Hong Kong) is moved to California. Indeed, by arguing for a transfer of Skyroam's claims against one defendant (uCloudlink Hong Kong) to the very Action in which the Court denied joinder of another defendant (uCloudlink Shenzhen in California), uCloudlink Hong Kong is proposing a scenario that all but guarantees a risk of "duplicative and piecemeal resolution of disputes." Dkt. 55, at 8 (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

uCloudlink Hong Kong's track record of significant involvement in arguing on behalf of and/or defending the interests of uCloudlink Shenzhen and uCloudlink New in California and in this Action suggest that uCloudlink Hong Kong will remain deeply involved in the litigation before this court, whether or not this Court transfers Skyroam's specific claims against uCloudlink Hong Kong.

### E. uCloudlink Overstates the Issues to Be Decided

uCloudlink Hong Kong significantly overstates the issues related to Bin Wang. Skyroam's affirmative defenses in the California Action relating to Bin Wang are quite narrow. The very nature of the trade secrets, as uCloudlink Hong Kong asserted in the hearing in opposition to Skyroam's motion to join uCloudlink Shenzhen, involve technology that is "not related to products at

issue in this case" because uCloudlink Shenzhen "[does not] use the technology at issue in [this case]." Dkt. 39-2, at 6:3-5; 24:8–10.

Furthermore, the Southern District of New York refused to permit Skyroam to include trade secret misappropriation claims in an action relating to uCloudlink's infringement of Skyroam's patents. Dkt. 26-6 at 2 (acknowledging that even if evidence of Bin Wang's conduct was relevant to SIMO's infringement claims such that amendment would be permitted, "the claims would still need to be tried separately, negating most of the potential benefit of amendment."). Even if Skyroam's trade secret claims were transferred to California, the schedule of that Action prevents any development of the issues to be decided related to Skyroam's claims of trade secret misappropriation. Moreover, uCloudlink would no doubt request separate trials to limit the jury's understanding of the scope of uCloudlink's nefarious conduct in order to avoid tainting the jury's view of uCloudlink's affirmative infringement claims against Skyroam relating to a patent which is already suspiciously similar to SIMO's.

## III. CONCLUSION

For the foregoing reasons, along with those cited in Skyroam's opposition to this motion and initial briefing in opposition to uCloudlink's motions to dismiss (Dkt. 26) and transfer (Dkt. 27), this Court should deny uCloudlink's motion for reconsideration.

| | |
|---|---|
| Date: February 2, 2021 | /s/ *Benjamin E. Weed* |
| | |
| | Benjamin E. Weed (admitted pro hac vice) |
| | benjamin.weed@klates.com |
| | K&L GATES LLP |
| | 70 W. Madison St. Suite 3100 |
| | Chicago, IL 60602 |
| | Telephone: +1 312 372 1121 |
| | Facsimile: +1 312 827 8000 |
| | |
| | Peter E. Soskin (SBN 280347) |
| | peter.soskin@klgates.com |
| | K&L GATES LLP |
| | Four Embarcadero Center, Suite 1200 |
| | San Francisco, CA 94111 |
| | Telephone: +1 415 882 8200 |
| | Facsimile: +1 415 882 8220 |
| | |
| | Gina A. Johnson (admitted pro hac vice) |
| | Farris S. Matariyeh (admitted pro hac vice) |
| | gina.johnson@klgates.com |
| | farris.matariyeh@klgates.com |
| | K&L GATES LLP |
| | 70 W. Madison St. Suite 3100 |
| | Chicago, IL 60602 |
| | Telephone: +1 312 372 1121 |
| | Facsimile: +1 312 827 8000 |
| | |
| | Jeffrey C. Johnson (admitted pro hac vice) |
| | jeff.johnson@klgates.com |
| | K&L GATES LLP |
| | 925 Fourth Avenue, Suite 2900 |
| | Seattle, WA 98104 |
| | Telephone: +1 206 3708338 |
| | Facsimile: +1 206 623 7022 |
| | |
| | Melissa Smith (Texas Bar No. 24001351) |
| | Gillam & Smith LLP |
| | 303 South Washington Avenue |
| | Marshall, Texas 75670 |
| | Telephone: (903) 934-8450 |
| | Facsimile: (903) 934-9257 |
| | melissa@gillamsmithlaw.com |
| | |
| | Attorneys for Plaintiffs |
| | Skyroam Holdings Inc., Skyroam, Inc., and |

5

503978943.2

                                        Shenzhen Skyroam Technology Co., Ltd

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, February 2, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                        */s/ Melissa R. Smith*