IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SIMO HOLDINGS, INC., SKYROAM, INC., SHENZHEN SKYROAM TECHNOLOGY CO., LTD., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00003-JRG |
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, SHENZHEN UCLOUDLINK NETWORK TECHNOLOGY CO. LTD., SHENZHEN UCLOUDLINK NEW TECHNOLOGY CO. LTD., | § § § § § § § § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Defendant Hong Kong uCloudlink Network Technology Limited's Motion for Partial Reconsideration of the Court's Order Denying its Motion to Dismiss Pursuant to Rule 12(b)(6) and Motion to Transfer (the "Motion").[1] (Dkt. No. 55). Having considered the Motion, the Court finds that the Motion should be and hereby is **DENIED**.

### I.   BACKGROUND

On January 6, 2020, Plaintiffs SIMO Holdings, Inc. ("SIMO"), Skyroam, Inc. ("Skyroam"), and Shenzhen Skyroam Technology Co., Ltd. ("Shenzhen Skyroam") (collectively, "Plaintiffs") filed suit in this Court alleging infringement of U.S. Patent No. 9,736,689 (the "'689 Patent") and misappropriation of trade secrets by Defendants Hong Kong uCloudlink Network Technology Limited ("Hong Kong uCloudlink"), Shenzhen uCloudlink Network Technology Co.

---

[1] Hong Kong uCloudlink failed to comply with L.R. CV-7(a)(4), which provides that motions to reconsider must include the action *and docket sheet document number* to be reconsidered in the title of the motion.

Ltd. ("uCloudlink Shenzhen"), and Shenzhen uCloudlink New Technology Co. Ltd. ("uCloudlink New") (collectively, "Defendants"). (Dkt. No. 2).

There are concurrent proceedings between SIMO and Hong Kong uCloudlink in the Southern District of New York and the Northern District of California. *See Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.*, Case No. 1:20-cv-03399-JSR (S.D.N.Y. 2020) (the "New York Action II"); *Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.*, Case No. 3:18-cv-05031-EMC (N.D. Cal. 2018) (the "California Action"). Previously, another patent infringement action was litigated in the Southern District of New York. *See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, Case No. 1:18-cv-05247-JSR (S.D.N.Y. 2018) (the "New York Action I"). In this case, on July 8, 2020, Hong Kong uCloudlink filed a Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion to Dismiss") (Dkt. No. 26) and a Motion to Transfer (the "Motion to Transfer") (Dkt. No. 27). The Motions can be summarized as a request by Hong Kong uCloudlink to dismiss the claims asserted by Plaintiffs in this case, or alternatively, to transfer the trade secret claims to the California Action and the patent infringement claims to the New York Action II. (*See generally* Dkt. Nos. 26, 27). Plaintiffs did not oppose transfer of the patent infringement claims. (Dkt. No. 38).

On November 24, 2020, the Court denied both Motions. (Dkt. No. 48). The Court concluded it was premature to decide whether transfer of the patent infringement claims was appropriate. (*Id*. at 5). The Motion to Transfer and Motion to Dismiss were denied as to all other grounds. (*Id*. at 13). On December 18, 2020, Hong Kong uCloudlink filed the instant Motion, seeking reconsideration of the Court's Order. (Dkt. No. 55).

## II.  LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration,' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). In patent cases, the Federal Circuit applies regional circuit law when reviewing a district court's ruling on a motion for reconsideration. *Del. Valley Floral Grp., Inc., v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1379 (Fed. Cir. 2010).

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "'Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). "Such a motion is not the proper vehicle or rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id*. "District court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Anderson v. Cain*, 402 B.R. 752 (E.D. Tex. 2009) (Schell, J.) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

## III.  DISCUSSION

Hong Kong uCloudlink argues that the Court should reconsider its ruling on the Motion to Transfer and Motion to Dismiss pursuant to Rule 59(e).[2] (Dkt. No. 55 at 1–2). First, Hong Kong uCloudlink asserts that the Court's Order overlooked Hong Kong uCloudlink Motion to Dismiss

---

[2] Although Rule 60(b) may also provide grounds for reconsideration, Hong Kong uCloudlink did not raise Rule 60(b) grounds in its Motion. (*See* Dkt. No. 55 at 1–2).

with respect to Plaintiffs' patent claims, which Hong Kong uCloudlink argues should have been granted as unopposed. (*Id*. at 2). Hong Kong uCloudlink's assertion is wrong: the Court expressly acknowledged Plaintiffs' lack of briefing regarding the issue. (Dkt. No. 48 at 5) ("[N]o further briefing was submitted regarding the dismissal of those claims."). The Court denied the Motion to Dismiss. (*Id*. at 13). The Court is not a rubber-stamp, even when an issue may be unopposed or agreed. The Court's review and oversight are always appropriate, even if the result of same might run contrary to what the parties present.

In its reply brief, Hong Kong uCloudlink notes that the Federal Circuit reversed the New York court's judgment in the New York Action I, which may impact the patent infringement claims in this case. (Dkt. No. 68 at 1) (citing *SIMO Holdings, Inc. v. H.K. uCloudlink Network Tech., Ltd.*, 983 F.3d 1367 (Fed. Cir. Jan. 5, 2021)). Hong Kong uCloudlink represents that SIMO's pending patent infringement claims in the New York Action II must be dismissed in the absence of *en banc* modification of the decision. (*Id*.) (citing New York Action II, Dkt. No. 80 at 1). The Court does not find that these developments justify reconsideration of its prior Order in the present case.

Next, Hong Kong uCloudlink argues that the Court did not address the transfer of Plaintiff's patent infringement claims under the first-to-file rule. (Dkt. No. 55 at 2–4). To be perfectly clear, the Court does not find it proper to provide the extraordinary remedy of reconsidering its ruling with respect to the transfer or dismissal of Plaintiff's patent infringement claims when these matters were previously raised by Hong Kong uCloudlink in its Motion to Dismiss and Motion to Transfer.

Lastly, Hong Kong uCloudlink urges the Court to reconsider the denial of the Motion to Transfer with respect to Plaintiffs' trade secret claims, citing the first-to-file rule. (Dkt. No. 55 at 4). The crux of Hong Kong uCloudlink's argument is that other claims remain pending in the

4

California Action, although the trade secret claims that were brought in the California Action have been dismissed. (*Id*. at 4–5). In response, Plaintiffs argue that the Court correctly applied the first-to-file rule, because the first-to-file rule applies to the concurrent exercise of jurisdiction on the same or similar issues, and the California Action disposed of the trade secret claims brought there. (Dkt. No. 65 at 1–3). In sum, all of Hong Kong uCloudlink's arguments either were or could readily have been raised in its Motion to Transfer.[3] Hong Kong uCloudlink has not shown a manifest error or newly presented evidence. Apparently Hong Kong uCloudlink simply disagrees with the Court's conclusions. Such is not a basis for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 16th day of March, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] The Court here notes that Hong Kong uCloudlink's argument on using the first-to-file rule to transfer Plaintiffs' trade secret claims in its Motion to Transfer took up a total of three sentences. (*See* Dkt. No. 27 at 9). Briefing was more fulsome in Hong Kong uCloudlink's reply brief. (*See* Dkt. No. 43 at 1–3).